```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
MICHAEL WESLEY HARRIS, a/k/a Michael    :
Wesley Frierson-Harris,                 :      11 Civ. 6453 (DLC)
                                        :
               Plaintiff,               :         MEMORANDUM
                                        :       OPINION AND ORDER
          -v-                           :
                                        :
MEMBERS OF THE BOARD OF TRUSTEES OF     :
UNION THEOLOGICAL SEMINARY IN THE CITY  :
OF NEW YORK,                            :
               Defendants.              :
                                        :
----------------------------------------X
```

APPEARANCES:

For plaintiff:
Michael Wesley Harris, proceeding pro se
301 West 110th Street
Apartment 6E
New York, NY 10026

For defendants:
No appearance filed.

DENISE COTE, District Judge:

   Pro se plaintiff Michael Wesley Harris ("Harris"), a former professor at Union Theological Seminary ("Seminary"), brings this action pursuant to 42 U.S.C. §§ 1981, 1982 and 1985 alleging continuing violations of his contractual rights. For the following reasons, Harris's claims are dismissed but he is given leave to replead claims regarding events that occurred in September 2011.

BACKGROUND

Harris has previously alleged many of the issues raised in this action in a prior case in this Court, <u>Frierson-Harris v. Hough, et al.</u>, No. 05 Civ. 3077 (DLC) (the "2005 Action"). The following facts summarize the background provided in one of the Opinions granting summary judgment in the 2005 Action, <u>Frierson-Harris v. Hough, et al.</u>, No. 05 Civ. 3077 (DLC), 2007 WL 2428483 (S.D.N.Y. Aug. 24, 2007) (the "August 2007 Opinion").

Harris was hired by the Seminary in April 1998 to serve on its faculty. In December 1998, the Seminary assigned him and his family an apartment in Knox Hall. In 2001, facing financial difficulties, the Seminary decided to lease out Knox Hall, requiring the faculty members living there to relocate. In 2002, the faculty unanimously voted to approve reassignment procedures for faculty to be moved from Knox Hall, and the Seminary's Board of Trustees ("Trustees") approved the procedures in December of that year. When the Seminary finally agreed to a lease of Knox Hall, Harris was the only faculty member who failed to provide information which would have aided in finding him new apartment space. The Seminary therefore assigned him a new apartment without this information in February 2003.

Harris brought suit in state court pursuant to N.Y. C.P.L.R. § 78 ("Article 78") in June 2003, which stayed the

eviction suit that the Seminary had brought against Harris in New York Housing Court.  The Article 78 court later ruled in the Seminary's favor, permitting it to evict Harris and his family from Knox Hall.  The eviction took place on March 23, 2004, and the Seminary moved Harris to Hastings Hall.

Once at Hastings Hall, Harris began storing his belongings in the hallway outside his apartment.  The Seminary requested that he remove these items from the hallway, and when he did not, the Seminary arranged for them to be moved to an offsite mini-storage facility.  The Seminary paid for their storage.  Between June and October 2004, Harris was contacted ten times about his property, but he did not respond.  In October 2004, Seminary stopped paying for the storage, and the mini-storage facility company disposed of Harris's belongings.

In July 2005, a petition was filed alleging that Harris exhibited sub-standard academic performance, a lack of collegiality, and a refusal to cooperate with the resolution of the Seminary's financial problems.  Harris failed to respond to this petition or participate in the dispute resolution process.  The Trustees voted unanimously in January 2006 to revoke Harris's tenure and fire him for cause.  Harris did not vacate his apartment in Hastings Hall voluntarily, so the Seminary opened proceedings in New York Housing Court and evicted him on June 7, 2006.

Summary judgment was granted against Harris's §§ 1981 and 1985 claims in the August 2007 Opinion as well as a second Opinion, Frierson-Harris v. Hough, et al., No. 05 Civ. 3077 (DLC), 2007 WL 4547723 (S.D.N.Y. Dec. 21, 2007), aff'd, No. 08-0453-cv, 2009 WL 2144364 (2d Cir. July 20, 2009), cert. denied, 130 S. Ct. 1513 (2010) (collectively, the "2005 Action Opinions").  The 2005 Action Opinions found that Harris had failed to make a prima facie showing of racial discrimination leading to the actions of the Seminary about which he complained.  The lengthy procedural history of the 2005 Action is described in the 2005 Action Opinions.

In this action, Harris alleges, as he did in the 2005 Action, that Seminary officials conspired to evict him from Seminary housing, terminate his employment, and breach his contract with the Seminary due to his race in violation of §§ 1981, 1982 and 1985.  The new facts Harris alleges in his new complaint are that he and his family were ordered to leave the Seminary premises on September 9, 2011.  Specifically, Harris alleges that he mailed letters to the Seminary on August 21 and September 1, "re-stat[ing]" his "contractual claims" regarding his job and residence.  In the letters, Harris also informed the Seminary that he would be entering its premises on September 9 to "gain access to Plaintiff's Domicile, to deliver a letter from Plaintiff to the current Academic Dean . . . discussing

professorial duties and responsibilities, and to obtain information on the condition of Plaintiff's and Plaintiff's family's personalty."

Harris alleges that he and his family entered the Seminary on September 9, and they "were met by three individuals who identified themselves as employees or agents acting on behalf of Defendants" and who ordered Harris to "leave . . . or they would be subject to police action." Harris then called the police, who ordered Harris and his family to leave "based on the false representations made by the three employees, including that Harris was not employed by the Seminary, that Harris had no Seminary residential rights or access, and that Harris had been ordered by Defendants not to trespass on Seminary premises including the lobby." Harris alleges that these actions denied him his rights of access to the Seminary and his domicile at Knox Hall under his contracts with the Seminary.

DISCUSSION

District courts "remain obligated to construe a pro se complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Nevertheless, the Court has the authority to dismiss sua sponte a complaint for which a plaintiff has paid the filing fee where plaintiff presents no arguably meritorious issue. See Fitzgerald v. First East Seventh Tenants Corp., 221 F.3d 362,

363-64 (2d Cir. 2000) (per curiam).

This action is largely barred by the doctrine of issue preclusion. Issue preclusion bars relitigation of a specific legal or factual issue in a second proceeding if

> (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was a full and fair opportunity for litigation in the prior proceeding, and (4) the issues previously litigated were necessary to support a valid and final judgment on the merits.

NML Capital, Ltd. v. Banco Central de la Republica Argentina, 652 F.3d 172, 185 (2d Cir. 2011) (citation omitted).

Much of Harris's complaint raises the same issues that have already been litigated and decided in the 2005 Action. These issues -- all except the new allegations concerning his removal from the Seminary premises in September 2011 -- are duplicative of his prior complaint and Harris is precluded from raising them again.

The surviving allegations do not state a claim for a violation of federal law. Harris asserts that the defendants "intentionally protect[ed] and enforce[ed] the contracts of white Seminary employees while failing to protect and enforce the similar contracts of a black Seminary employee." But he does not allege any facts supporting an inference of racial animus by the defendants to support this conclusory statement. Nor does he plead facts from which one could infer that the

defendant Trustees were personally involved in the events of September 2011.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

CONCLUSION

Harris's claims, in so far as they are based on issues raised in the 2005 Action, are dismissed.  Harris may file an amended complaint no later than January 13, 2012 addressed to his removal from the Seminary premises in September 2011.  Failure to do so will result in this case being dismissed in its entirety.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

Dated:   New York, New York
         December 13, 2011

                                    _____
                                             DENISE COTE
                                    United States District Judge

COPIES SENT TO:


Michael Wesley Harris
301 West 110th Street
Apartment 6E
New York, NY 10026